Filed 3/23/16  P. v. Beauregard CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEREK LAMONT BEAUREGARD,<br><br>    Defendant and Appellant. | B265057<br><br>(Los Angeles County<br>Super. Ct. No. MA063751) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Bernie C. Laforteza, Judge.  Affirmed as modified.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant stole some items, valued at approximately $1000, from a mailbox rental store.  He then went to a pawn shop, purporting to pawn the stolen items.  Instead of pawning them, he grabbed some iPods from the pawn shop and fled.  When he ran, he dropped a box of items in the parking lot, which included the items he had stolen from the mailbox rental store.  A deputy sheriff subsequently stopped defendant on the street; defendant ran when the deputy tried to speak to him.  He was discovered hiding, with the stolen iPods nearby.  He was also in possession of a bottle of Hydrocodone pills, from which he had removed the label.

On August 25, 2014, defendant was charged by information with:  (1) burglary of the mailbox store (Pen. Code, § 459); (2) grand theft from the mailbox store (Pen. Code, § 487, subd. (a)); (3) burglary of the pawn shop; (4) receiving stolen property, the pills (Pen. Code, § 496, subd. (a)); and (5) resisting arrest (Pen. Code, § 148, subd. (a)(1)).  The burglaries and grand theft were felonies; the remaining two offenses misdemeanors.  Three prior prison terms were also alleged.  (Pen. Code, § 667.5, subd. (b).)

While the case was proceeding to trial, Proposition 47 was passed by the voters.  The attorneys were investigating the value of the property taken from the mailbox rental store, to see if it met the $950 threshold dividing burglary from the newly-enacted shoplifting offense.  (Pen. Code, § 459.5.)  At a hearing on December 18, 2014, the prosecutor stated that it appeared that "the value of the property is going to end up being less than $950."  The prosecutor indicated an intention to file an amended information which would reduce the first burglary charge, but would also add additional misdemeanor counts.

As the parties were discussing the viability of the counts the prosecutor sought to pursue in an amended information, the court made the following offer:  "[I]f the defendant wants to plead to all counts looking at the court, I will 17(b) as misdemeanors, but I'm not going to give you – indicate how much time you will get."  The court then added, "I will tell you this:  I won't max him out."  Defendant accepted the offer.

Defendant entered a plea of no contest to all five counts; the court found defendant guilty.  The court then reduced the three felony counts to misdemeanors under Penal

Code section 17, subdivision (b). In discussing sentencing, the prosecutor conceded that count two (theft from mailbox store) was based on the same conduct as count one (burglary of mailbox store), and that, therefore, Penal Code section 654 applied. The court imposed a three year sentence, calculated as follows: one year on count one (mailbox store burglary); one year concurrent on count two (mailbox store theft); one year on count three (pawn shop burglary); one year on count four (receiving stolen property); and one year concurrent on count five (resisting arrest).

Subsequently, defendant argued that, pursuant to Proposition 47, the theft misdemeanor should be classified as a violation Penal Code section 490.2, petty theft with a six-month maximum term. The court agreed, and modified the sentence on count two to six months, "concurrent pursuant to Penal Code section 654."

On February 4, 2015, defendant filed a timely notice of appeal, indicating that he was challenging his sentence or other post-plea matters. Specifically, defendant stated that he believed he had been sentenced to a total of two years in jail, rather than three.

On April 22, 2015, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she had reviewed the record and sent defendant a copy of the reporter's transcript asking for his comments. Counsel received no reply, and defendant was released from jail shortly thereafter. Counsel has been unable to locate defendant, and could not inform him of her intention to file a *Wende* brief. This court sent defendant a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief or letter raising any issues he wished us to consider. That letter was returned to sender with no forwarding address.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436.) To the extent defendant argues he was actually sentenced to a total of two years in jail, the reporter's transcript and minute orders unambiguously indicate he was sentenced to three.

However, we note that the court mistakenly sentenced defendant concurrently on count two (petty theft) as he both applied Penal Code section 654 and yet sentenced concurrently. From the record, it appears to us that the trial court intended to stay the sentence under section 654. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468-1469, 1472.) Accordingly, we modify the court's imposition of a six-month concurrent term for count two to a six-month stayed term.

## DISPOSITION

The clerk is directed to modify the judgment by staying sentence on count two (petty theft). As so modified, the judgment is affirmed.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.

FLIER, J.

4